**LAW OFFICE OF EDUARDO J. CELAYA, PLLC**
Eduardo J. Celaya #014747
2924 N. 24TH Street, Suite 114
Phoenix, Arizona 85016
Phone (602) 281-4547
Fax (602) 424-5757
celayalaw@gmail.com
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Dixon Jr. and Mary Dixon, husband and wife, | Case No. |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| GC Services Limited Partnership, a Delaware Limited Partnership, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of

1

Plaintiffs' personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Robert Dixon is a natural person who resides in the City of Snowflake, County of Navajo, State of Arizona and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Mary Dixon is a natural person who resides in the City of Snowflake, County of Navajo, State of Arizona and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant GC Services Limited Partnership is a collection agency operating from an address of 6330 Gulfton, Houston, Texas 77081 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Sometime prior to 2009, Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt with Capital One.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from these Plaintiffs.

9. On or about October 14, 2008 Plaintiffs, in an effort to solve their debt problems, retained the services of the Palmer Law Firm, P.C., to provide assistance in resolving Plaintiffs' consumer debts in an effort to avoid Bankruptcy.

10. On or about January 13, 2009, The Palmer Firm, P.C. sent a letter of representation to Defendant (see Exhibit "A" attached hereto). This letter notified Defendant that Plaintiffs was represented by counsel and instructed Defendant to cease communication with Plaintiffs from that point forward.

11. On or about January 23, 2009, Defendant sent Plaintiffs a collection letter.

12. On or about February 24, 2009 Defendant contacted Plaintiff Mary Dixon at her place of employment.

13. The above-described collection communications made to Plaintiffs by Defendant and other collection employees employed by Defendant were made in violation of the FDCPA, including but not limited to 1692c(a)(2).

14. The above-detailed conduct by this Defendant of harassing Plaintiffs in an effort to collect this debt was an invasion of Plaintiffs' privacy by an intrusion upon seclusion and resulted in actual damages to these Plaintiffs.

15. This abusive collection communications by Defendant and its employees pushed Plaintiffs to consider bankruptcy as a way out of these abusive communications.

16. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiffs and caused them unnecessary personal strain.

17. Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

18. The acts and omissions of Defendant and the other debt collectors employed as agents by Defendant who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

19. The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

20. By committing these acts and omissions against Plaintiffs, Defendant and these other debt collectors were motivated to benefit their principal.

21. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiffs.

**TRIAL BY JURY**

22. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## (15 U.S.C. § 1692 et seq.)

23. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to these Plaintiffs.

25. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

26. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

27. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

    15 U.S.C. § 1692(a) (emphasis added).

28. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of these Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

29. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' rights to privacy.

30. Plaintiffs have a reasonable expectation of privacy in Plaintiffs solitude, seclusion, and private concerns or affairs.

31. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against these Plaintiffs, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

32. As a result of such intrusions and invasions of privacy, each Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiffs;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

1  Respectfully submitted on this date of June 9, 2009.

**Law Office of Eduardo J. Celaya, PLLC**

By:  s/*Eduardo J. Celaya*
Eduardo J. Celaya
2942 N. 24th Street, Suite 114
Phoenix, Arizona 85016
Plaintiffs' Attorney